UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 2:19-cv-14123-ROSENBERG/MAYNARD**

BRII COLEMAN,

   Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

   Defendant.

_____/

**ORDER COMPELLING ARBITRATION**

**THIS MATTER** is before the Court on Defendant Navient Solutions' Motion to Compel Arbitration (the "Motion"). Mot., DE 7. The Motion is fully briefed and ripe for review. Pl. Resp., DE 8; Def. Reply, DE 9.

Plaintiff filed suit for violations of the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act, alleging that Defendant texted her hundreds of times without her consent while attempting to collect on a loan. Compl., DE 1, 5. Defendant has moved to compel arbitration, arguing that the loan agreement contains an arbitration agreement, which requires arbitration, once invoked, of "any Claim" that "arises from or relates in any way to the [promissory] Note." DE 7-1, 21.

In response, Plaintiff "does *not* oppose arbitration as a general matter," but does "oppose arbitration before the American Arbitration Association ('AAA')." Pl. Resp., DE 8, 1 (emphasis added). Instead, Plaintiff "requests that the Court appoint an arbitrator." *Id.*

In pertinent part, the arbitration agreement states that the "party bringing a Claim selects the Administrator" of arbitration and provides two choices for an Administrator: either the AAA

or the National Arbitration Forum ("NAF"). Since the promissory note was agreed to, NAF is no longer available as a forum, pursuant to a settlement agreement with the Minnesota Attorney General, which prohibits NAF from administering consumer arbitrations. DE 8-2, 2. As a result, Plaintiff argues that she has been stripped of the opportunity to select her preferred forum for arbitration.

"The [Federal Arbitration] Act 'embodies a liberal federal policy favoring arbitration agreements.'" *ACTS Ret. Life Communities, Inc. v. Molony*, No. 15-CV-80205-KAM, 2015 WL 12711588, at *1 (S.D. Fla. Apr. 20, 2015) (citing *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (internal quotation marks omitted). "Arbitration agreements, like other contracts, are subject to general principles of contract law." *Id.* (citing *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1275 (11th Cir. 2002) ("Generally, a court should enforce an arbitration agreement according to its terms...."). Further, "courts must 'rigorously enforce' arbitration agreements according to their terms, including terms that 'specify with whom [the parties] choose to arbitrate their disputes,' and 'the rules under which that arbitration will be conducted.'" *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (citations omitted).

Here, the plain language of the loan agreement provides Plaintiff with a choice of two of arbitration fora: AAA or NAF. *See* DE 7-1, 21. The loan agreement does *not* contemplate any other choice of forum for arbitration besides AAA or NAF. The fact that NAF is now unavailable does not change the clear intention of the parties to arbitrate before *either* AAA or NAF. *Cf. Smith v. ComputerTraining.com*, 531 F. App'x 713, 716 (6th Cir. 2013) (considering the same promissory note language in light of NAF's unavailability and concluding that arbitration before AAA is appropriate).

Accordingly, in light of Plaintiff's non-opposition to arbitration "generally," and the availability of one of the arbitration fora contemplated by the loan agreement, the Court grants Defendant's Motion to Compel Arbitration. It is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Compel Arbitration [DE 7] is **GRANTED** in so far as Plaintiff's claims in this action shall be submitted to arbitration before the American Arbitration Association.

2. This action is **STAYED** pending arbitration.

3. All pending deadlines are **TERMINATED**, and all pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is instructed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of May, 2019.

Copies furnished to:  
Counsel of Record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE